## 27108. HOLLIS v. AULT.

GUNTER, Justice. In this case the appellant was initially found guilty by a jury of voluntary manslaughter and sentenced to 20 years imprisonment. That conviction was appealed, reversed, and a new trial was granted. The appellant then entered a plea of guilty to voluntary

manslaughter on June 21, 1971, and received an 11-year sentence. On the same day that he entered his plea and was sentenced he prepared and signed a motion himself to withdraw his guilty plea and to vacate and set aside the 11-year sentence. This motion was filed on June 23, 1971. The motion was denied by the trial court on July 21, 1971.

In his order denying the motion the trial court stated that the court had "knowledge that defendant freely and voluntarily entered his plea of guilty in the presence of his own attorney and with his concurrence and assistance."

On August 6, 1971, the appellant petitioned for a writ of habeas corpus making the same contentions as had been contained in his previously denied motion plus a new contention, not theretofore mentioned by him, that he was under the influence of heroin at the time he entered his plea of guilty.

The habeas corpus court, after a full hearing, found that the appellant was not under the influence of intoxicants or liquors or narcotics at the time he entered his plea, and that he did freely and voluntarily enter his plea of guilty.

We have reviewed the entire record, and we affirm the habeas corpus court's judgment remanding the appellant to the custody of the warden.

The transcript of the proceedings in the trial court at the time the appellant entered his plea of guilty, with his counsel present, shows that the trial judge who accepted the guilty plea fully discharged his duty "in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U. S. 238, 244 (89 SC 1709, 23 LE2d 274).

We are convinced that the appellant has received every benefit allowed him by law for his own personal protection in this situation, and that his plea was legally entered, freely and voluntarily made by him, and properly accepted.

*Judgment affirmed. All the Justices concur.*

14

Charles E. Hollis, *pro se.*